NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re PAUL VLADIMIROVICH TIMCHUK,**
*Petitioner*

---

2025-141

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board in No. SF-0752-25-0144-I-1.

---

**ON PETITION**

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

#### O R D E R

On April 7, 2025, an administrative judge (AJ) of the Merit Systems Protection Board affirmed Paul Vladimirovich Timchuk's removal from federal employment. From his filings here, it appears that Mr. Timchuk, on July 21, 2025, attempted to file at the Board an "Emergency Motion to Vacate Initial Decision and Stay Proceedings Pending Restoration of Lawful MSPB Quorum," but that filing was rejected as improper. ECF No. 2 at 7. He now petitions for a writ of mandamus seeking various relief.

The All Writs Act authorizes courts to issue writs "necessary or appropriate in aid of their respective

jurisdictions." 28 U.S.C. § 1651(a). Mandamus is an extraordinary remedy available only where the petitioner shows: (1) a clear and indisputable right to relief; (2) no adequate alternative avenue for relief; and (3) that mandamus is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Mr. Timchuk has not met this demanding standard here.

As to Mr. Timchuk's challenge to the Board's rejection of his motion: the Board informed Mr. Timchuk of its regulations that require a party to first file a motion for leave to submit a pleading other than one of those listed in 5 C.F.R. § 1201.114(a)(1)–(3), and insofar as this court has been made aware, Mr. Timchuk has not filed such a motion. Under such circumstances, we cannot say that Mr. Timchuk's right to file his "Emergency Motion" is indisputably clear or that mandamus relief is the only available avenue by which he can get his motion filed. As to Mr. Timchuk's request to pause the foreclosure of his home: we cannot grant such relief because that request is outside our limited subject matter jurisdiction.

Accordingly,

IT IS ORDERED THAT:

ECF No. 2 is denied.

FOR THE COURT

September 11, 2025
Date

Jarrett B. Perlow
Clerk of Court